# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLEVELAND S. ANDERSON (#201258)**          **CIVIL ACTION**

**VERSUS**

**D.C.I. MEDICAL STAFF, ET AL.**              **NO. 09-1057-JJB-DLD**

## O R D E R

The pro se plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the DCI Medical Staff, the "Psychiatrist Staff" at Elayn Hunt Correctional Center, unnamed "Ass't. Nurses", Dr. Tarver and the Earl K. Long Hospital, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. The plaintiff has now filed a "Supplemental Memorandum", rec.doc.no. 24, wherein he requests (1) relief from judgment pursuant to Fed. R. Civ. P. 60, (3) assistance with discovery, (4) assistance with the settlement of his claims, and (4) appointment of counsel on his behalf. The plaintiff is not entitled to the relief requested.

Initially, the Court notes that no final judgment has been entered in this proceeding, and the plaintiff has not identified any Order from which he seeks relief pursuant to Fed. R. Civ. P. 60, nor any specific basis for such relief. Further, with regard to discovery, the defendants have filed a pending motion for summary judgment contending that this action should be dismissed because of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. In the event that this motion is denied, the plaintiff will then be allowed to proceed with discovery. Further, the Court is not in a position to assist the plaintiff with the settlement of his claims, particularly where it appears that the claims may be subject to dismissal for failure to exhaust administrative remedies.

Finally, turning to the plaintiff's request for the appointment of counsel, the Court notes, at the outset, that the Court does not have the power or authority under § 1915(d) to "appoint" counsel in a civil rights case in the sense of requiring and compelling an attorney to represent the plaintiff in connection with his claims. See Mallard v. United States District Court, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1915(d), by its express terms, authorizes the Court only to "request" an attorney to represent an in forma pauperis litigant. Id. Further, an in forma pauperis plaintiff seeking to assert a civil rights claim under § 1983 has no automatic right to the assistance of counsel under § 1915(d), and the Court is not required to seek such counsel "unless the case presents exceptional circumstances." See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). As explained in Ulmer, supra:

> Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case...; (2) whether the indigent is capable of adequately presenting his case...; (3) whether the indigent is in a position to investigate adequately the case...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination ....

In the instant case, the Court finds that such "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. This complaint is neither factually nor legally complex, and no other factors in Ulmer, supra, are found to require appointment of counsel. The plaintiff has set out the factual basis for his claim in his Complaint. This pleading and others reflect that the plaintiff understands the proceedings and can address the issues presented. The plaintiff has been provided with the records of his administrative remedy proceedings. In addition, he will be able seek other documentation and information through formal discovery channels in the event that the Court denies the defendants' pending Motion for Summary Judgment. He can use these materials to cross-examine the defendants and prepare for trial. The plaintiff has adequately presented his case thus far and does not appear to come within the "exceptional circumstances" test.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a pro se lawsuit. For this reason, pro se pleadings

are held to less stringent standards than formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  This Court is liberal in reviewing inmate pro so pleadings and motions filed under § 1983, giving inmates ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court Orders.  Consequently, the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.  Moreover, the Court finds that the appointment of counsel would be of little service to the Court or the plaintiff in this case and would not significantly assist in the shaping of the examination of the witnesses or the sharpening of the issues for trial.

Having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982), the Court finds that appointment of counsel is not required or warranted in this case.

Accordingly, based on the foregoing, the plaintiff's motion, rec.doc.no. 24, is **DENIED.**

Signed in Baton Rouge, Louisiana, on September 30, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**