**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLEVELAND S. ANDERSON (#201258)**                                      **CIVIL ACTION**

**VERSUS**

**D.C.I. MEDICAL STAFF, ET AL.**                                          **NO. 09-1057-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLEVELAND S. ANDERSON (#201258)**     **CIVIL ACTION**

**VERSUS**

**D.C.I. MEDICAL STAFF, ET AL.**     **NO. 09-1057-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion for Summary Judgment of defendant Dr. Anthony Tarver, rec.doc.no. 15. This motion is opposed.

The pro se plaintiff, an inmate currently confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, and previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the "Medical Staff" at DCI, the "Psychiatrist Staff" at EHCC, Dr. Tarver, and the Earl K. Long Medical Center, apparently complaining that when he was prescribed Prozac by physicians at EHCC, he was not informed of the potential side effects of this medication. As a result, when he was thereafter transferred to DCI, he suffered a "blood clog" to his penis on September 17, 2009. In addition, when he sought emergency medical treatment at that time, he did not receive treatment for approximately three days, "which made matter[s] worse."

The moving defendant asserts, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon, that the plaintiff has failed to exhaust administrative remedies relative to his claims. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to

prison conditions. This provision is mandatory and allows for no exceptions.[1] Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

From a review of the administrative remedy proceedings submitted by the defendant in support of the instant motion, it appears that the motion is well-taken. It appears from a review of the administrative record relative to proceeding No. DCI-2009-0724 (which the plaintiff indicated in his Complaint to be the grievance which he filed relative to the claims asserted in this proceeding), that the plaintiff commenced this grievance on or about September 25, 2009, and that prison officials responded thereto at the First Step on October 27, 2009. The plaintiff then appealed to the Second Step of the two-step process on November 6, 2009, which appeal was received by prison officials on November 12, 2009. According to prison rules, prison officials then were allowed a period of 45 days (or until December 27, 2009) to respond thereto. Prior to the conclusion of this 45-day period, however, and prior to receipt by the plaintiff of the timely response which was ultimately issued by prison officials on December 23, 2009, the plaintiff filed his federal Complaint in this Court on December 16, 2009. Accordingly, it is clear that the plaintiff's administrative

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

proceeding was not complete at the time that he commenced the instant lawsuit.

As previously noted, the exhaustion requirement of 42 U.S.C. § 1997e is mandatory, and it applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with all applicable prison grievance procedures before filing his lawsuit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The clear language of the statute "plainly requires that administrative remedies be exhausted <u>before</u> the filing of a § 1983 suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998) (emphasis in original).[2]

The plaintiff has provided no explanation for his failure to complete administrative proceedings prior to commencement of the instant litigation. In his opposition to the defendant's motion, he initially made reference to a second administrative grievance which he commenced against prison officials, but having ordered and obtained a copy of same, see rec.doc.nos. 20 and 22, the Court concludes that this separate grievance relates only to a complaint made by the plaintiff relative to alleged improper treatment for an unrelated medical complaint in November, 2008. Accordingly, this separate grievance has no relevance to the instant proceeding and, in the absence of any justification for the plaintiff's failure to exhaust administrative remedies, the Court concludes that the plaintiff's lawsuit should be dismissed.

Further, in the alternative, this Court is authorized, notwithstanding the plaintiff's failure to

---

[2] Although the plaintiff apparently exhausted administrative remedies <u>after</u> the filing of this lawsuit, and although a dismissal of the instant lawsuit for this reason is harsh, the Fifth Circuit has noted that such a dismissal is an effective potential deterrent to inmates who might otherwise seek to circumvent the exhaustion requirement through the premature filing of their lawsuits, and that such a dismissal therefore serves "the Congressional purpose of providing relief from frivolous prison litigation." Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), cert. denied 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999). Accordingly, the Fifth Circuit in Underwood approved a dismissal based upon the plaintiff's failure to exhaust administrative remedies, notwithstanding that such remedies were exhausted after the filing of suit in federal court.

exhaust administrative remedies, to dismiss a Complaint if the Court finds that the Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 42 U.S.C. § 1997e(c)(2). A Complaint is properly dismissed under this section if the Complaint lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).

Applying the foregoing standard, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted. Initially, the plaintiff has named the "Medical Staff" at DCI and the "Psychiatrist Staff" at EHCC as defendants herein. These defendants, however, are not legal entities subject to suit in this Court. Pursuant to 42 U.S.C. § 1983, a "person" may be sued for the violation of an inmate's constitutional rights. An inchoate group of individuals consisting of the "staff" of the medical departments at two state penal institutions are not "persons" within the meaning of this statute. See, e.g., Brewin v. St. Tammany Parish Correctional Center, 2009 WL 1491179 (W.D. La., May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."). Accordingly, the plaintiff fails to state a cause of action against the DCI "Medical Staff" or the EHCC "Psychiatrist Staff".

Second, the plaintiff has named the Earl K. Long Medical Center ("EKL") as a defendant herein. In this regard, however, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by one of its citizens or by the citizens of another state. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent consent or waiver by the state, not here applicable, the State of Louisiana is immune from suit in federal court. This shield of immunity extends to EKL as an arm or agency of

the state.  Cf., Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985).  Therefore, the plaintiff's claims against EKL are barred by the Eleventh Amendment and must be dismissed.

Finally, although the plaintiff has named Dr. Tarver as a defendant herein, the plaintiff has included no factual allegations whatever as to the involvement of Dr. Tarver in the events complained of in September, 2009.  Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that defendant Tarver is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the instant case, the plaintiff makes no allegation that defendant Tarver was in any way involved in the plaintiff's medical care or treatment in September, 2009.  Specifically, the plaintiff makes no assertion that defendant Tarver saw or treated the plaintiff when the plaintiff complained of a "blood glog" on September 17, 2009, or participated directly or personally in the treatment of the plaintiff's complaint thereafter.  Moreover, there is no suggestion that Dr. Tarver, a physician employed at DCI, had any involvement with the decision to prescribe medication to the plaintiff at his prior place of confinement, EHCC, or with any alleged failure to inform the plaintiff of the potential side effects thereof.  Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by defendant Tarver in the violations alleged.  As a result, the defendant is entitled to dismissal from this proceeding as a matter of law.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment, rec.doc.no. 15, be granted, dismissing the plaintiff's claims for failure to exhaust administrative remedies pursuant to

42 U.S.C. § 1997e, with prejudice to his refiling the same claim in forma pauperis.[3]

Signed in Baton Rouge, Louisiana, on .January 25, 2011

                    **MAGISTRATE JUDGE DOCIA L. DALBY**

---

[3] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).